UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tommy Lee Thompson, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 6:09-cr-00282-GRA-5 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner Tommy Lee Thompson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response and a Summary Judgment Motion. For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

**Background**

On August 3, 2009, Petitioner pled guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 ("Count One"). *See* ECF Nos. 38 & 163. On January 26, 2010, the court sentenced Petitioner to one hundred-twenty (120) months imprisonment and five years of supervised release. *See* ECF No. 242. During all district court

hearings, Petitioner was represented by Bradley Bennett. *See* ECF Nos. 161, 313, 314, and 315.

Petitioner did not immediately file an appeal. He filed a Notice of Appeal to the United States Fourth Circuit Court of Appeals on December 2, 2010, which was well outside the allotted time period to appeal of fourteen days. *See* ECF No. 293. On appeal, the Fourth Circuit appointed Tracey Colton Green as new counsel. *See* ECF. No. 299. Subsequently, the Fourth Circuit granted the Government's Motion to Dismiss because the appeal was untimely. *See* ECF No. 332. Petitioner filed his § 2255 Motion on July 28, 2011, seeking to vacate, set aside, or correct his current sentence on grounds of ineffective assistance of counsel, that his plea was unknowing and involuntary because of a scrivener's error on the judgment, and that he is actually innocent based on common law.

### **Standard of Review**

Petitioner brings this Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam). In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. Rule 4(b), Rules Governing § 2255 Proceedings for the U.S. Dist. Cts.

Here, Respondent has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for his motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which he believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

Petitioner claims that there was ineffective assistance of counsel, that his guilty pleas was not made knowingly and voluntarily, and that he is actually innocent.

**I.      Ineffective Assistance of Counsel**

Petitioner alleges that his counsel rendered ineffective assistance of counsel by not filing a timely notice of appeal. This argument is without merit. The United States Supreme Court, in *Roe v. Flores-Ortega*, 528 U.S. 470

(2000), indicated that "in those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking. . . whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478.

Because Petitioner has presented no evidence to this Court that he requested counsel to file an appeal other than his initial § 2255 Motion, and, in light of *Roe*, this Court must determine whether counsel failed to discuss with Petitioner the opportunity to appeal. The record reflects that counsel for Petitioner competently, adequately, and fully represented Petitioner throughout all stages of his criminal proceeding. Furthermore, in Government's Response to Petitioner's § 2255 Motion, the Government attaches a signed affidavit from Petitioner's defense counsel, Bradley Bennett, that states that Mr. Bennett did advise Petitioner of his appellate rights, that Petitioner was satisfied with the sentence he received, and that Petitioner did not wish to pursue an appeal of his sentence. *See* ECF No. 351-1. Without any response by Petitioner indicating otherwise, the Court concludes that there is no evidence to support Petitioner's claim of ineffective assistance of counsel and no evidence to indicate counsel failed to discuss the opportunity to appeal. This claim is DENIED.

**II. Guilty Plea Was Not Made Knowingly and Voluntarily Due to a Scrivener's Error.**

Next, Petitioner contends that his guilty plea was not made voluntarily or with an understanding of the nature of the charge and the consequences of the plea due to of a scrivener's error on his judgment form. On August 3, 2009, the Petitioner pled guilty to count one of his indictment. ECF No. 163. The judgment form in Petitioner's case mistakenly set forth that Petitioner pled guilty to a violation of "21:841(a)(1) and 841(b)(1)(C)," but left out 21 U.S.C. § 846, which carries a statutory mandatory minimum of ten (10) years, all of which were included in Count One of the indictment.

This scrivener's error did not have any bearing on the validity of Petitioner's guilty plea. Here, Petitioner executed a Petition to Enter Plea of Guilty on the day of his plea hearing. *See* ECF No. 161. On page four of the petition, Petitioner acknowledged that, by pleading guilty to Count One of the indictment, the maximum sentence he could receive would be life imprisonment and the mandatory minimum sentence would be ten years. Furthermore, throughout his plea colloquy, the Petitioner did not voice any complaints, agreed with the government's rendition of the facts and charges in his case, and affirmed that he wished to enter a plea of guilty as to those facts and charges presented by the government. *See* ECF No. 314. All of these assertions were made under oath. *Id.* Furthermore, the judgment (with the mistake) was neither created nor filed until months after Petitioner entered his guilty plea;

thus, he did not see the mistake until his sentencing. Therefore, Petitioner suffered no actual prejudice from the scrivener's error on the judgment, and the Motion to Vacate as to this issue is DENIED.

### III. Actual Innocence

Next, Petitioner alleges that is he is actually innocent "pursuant to common law." His claim of actual innocence lacks any basis in law or fact. Further, Petitioner alleges that, because some courts have applied a 1-to-1 crack to powder cocaine ratio to the sentencing guidelines, he is entitled to relief. Petitioner provides no support for his claim, and it is hereby DENIED.

### **Conclusion**

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[6]

---

[6] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS THEREFORE ORDERED** that the Respondent's Motion for Summary Judgment is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 23, 2011
Anderson, South Carolina